UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA SCROGGINS,<br><br>        Plaintiff,<br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant.<br>_____/ | Case No. 16-11913<br><br>SENIOR U.S. DISTRICT JUDGE<br>ARTHUR J. TARNOW<br><br>U.S. MAGISTRATE JUDGE<br>DAVID R. GRAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION [18]; OVERRULING PLAINTIFF'S OBJECTION [19]; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12]; AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14]**

Plaintiff Lisa Scroggins seeks judicial review of the decision of an Administrative Law Judge ("ALJ") denying her application for disability benefits. Plaintiff filed a Motion for Summary Judgment [Dkt. 12] on October 30, 2016. Defendant filed a Motion for Summary Judgment [14] on December 5, 2016.

On March 7, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") [18] recommending that the Court grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment, and affirm the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff filed an Objection [19] to the Magistrate Judge's R&R on March 13, 2017. Defendant responded on March 22, 2017 [20].

For the reasons stated below, the Court **ADOPTS** the Report and Recommendation [18]. Plaintiff's Objection to the Report and Recommendation [19] is **OVERRULED**. Plaintiff's Motion for Summary Judgment [12] is **DENIED**. Defendant's Motion for Summary Judgment [14] is **GRANTED**.

## FACTUAL BACKGROUND

The R&R summarized the record as follows:

I. **Procedural History**

On September 19, 2012, and March 12, 2013, Scroggins filed applications for DIB and SSI, respectively, alleging disability as of September 1, 2012. (Tr. 175-85). These applications were denied initially on October 4, 2013. (Tr. 110-13, 121-24). Scroggins filed a timely request for an administrative hearing, which was held on March 3, 2015, before ALJ Kevin Fallis. (Tr. 36-73). Scroggins, who was represented by attorney Lisa Watkinson, testified at the hearing, as did vocational expert Stephanee Leech. (*Id.*). On May 28, 2015, the ALJ issued a written decision finding that Scroggins is not disabled under the Act. (Tr. 11-30). On April 14, 2016, the Appeals Council denied review. (Tr. 1-5). Scroggins timely filed for judicial review of the final decision on May 27, 2016. (Doc. #1).

II. **Background**
**A. Scroggins' Reports and Testimony**

At the time of the administrative hearing, Scroggins was 51 years old, and at 5'4" tall, weighed 245 pounds. (Tr. 43). She had completed high school and subsequently earned an associate's degree. (Tr. 44, 210). Previously, she worked as a high school English teacher and tutor, but she alleges that she stopped working on September 1, 2012 because of her medical conditions. (Tr. 46, 210). At the time of the hearing, she was taking one college class (for the second consecutive semester) in an effort to "widen [her] environment a little bit rather than just sitting home all the time, doing nothing, sleeping." (Tr. 45-46).

Scroggins alleges disability as a result of back and shoulder pain, headaches, asthma, and depression. (Tr. 209). When she first applied for disability, she was having "severe migraine headaches,"

which left her "crying like a baby." (Tr. 48). She testified that she still gets these headaches two to four times a week, and they last "for hours." (Tr. 51, 53). After she applied for disability benefits, she fell – and then was in a car accident – injuring her back and shoulder. (Tr. 48, 53-54). Scroggins also testified that her asthma causes shortness of breath and makes it difficult for her to walk more than one block or carry more than five pounds. (Tr. 48). She uses a nebulizer for breathing treatments four or five times a day. (Tr. 49). Scroggins claims she has been prescribed a cane and uses it "most of the time." (Tr. 55).

Scroggins also testified that she is depressed because she "can't work" and because some of her children are incarcerated. (Tr. 57). She does not like being around people and gets panic attacks in closed spaces. (Tr. 58). She also testified that her memory is "kind of really bad," but she can concentrate on things she finds interesting. (Tr. 59). In terms of daily activities, she is able to attend to her own personal care needs, microwave meals, shop in small stores, and attend church, but she spends most of her days sleeping, watching television, reading, and listening to music. (Tr. 60-63, 222-23, 225-26).

**B. Medical Evidence**

The Court has thoroughly reviewed Scroggins' medical record. In lieu of summarizing her medical history here, the Court will make references and provide citations to the record as necessary in its discussion of the parties' arguments.

**C. Vocational Expert's Testimony**

Stephanee Leech testified as an independent vocational expert ("VE") at the administrative hearing. (Tr. 67-72). The ALJ asked the VE to imagine a claimant of Scroggins' age, education, and work experience who can perform light work, with the following additional limitations: only occasional pushing and pulling; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; must avoid even moderate exposure to extreme cold, extreme heat, and humidity; must avoid even moderate exposure to environmental irritants such as fumes, odors, dusts, and gases; must avoid even moderate use of hazardous, moving machinery; must avoid all exposure to unprotected heights; is limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions and routine workplace changes; and is limited to only occasional and superficial interaction

with the public and co-workers. (Tr. 68). The VE testified that the hypothetical individual would not be capable of performing any of Scroggins' past relevant work. (*Id.*). However, the VE further testified that the hypothetical individual would be capable of working in the jobs of bench assembler (60,000 jobs in the national economy), unskilled office clerk (150,000 jobs), and packer (250,000 jobs). (Tr. 69).

**D. The ALJ's Findings**

At Step One of the five-step sequential analysis, the ALJ found that Scroggins has not engaged in substantial gainful activity since September 1, 2012 (the alleged onset date). (Tr. 13). At Step Two, the ALJ found that Scroggins has the severe impairments of asthma, headaches, obstructive sleep apnea, osteoarthritis, degenerative disc disease, obesity, depression, anxiety, schizoaffective disorder, and substance abuse disorder. (*Id.*). At Step Three, he found that Scroggins' impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment. (Tr. 13-14).

The ALJ then found that Scroggins retains the residual functional capacity ("RFC")[1] to perform light work, with the following additional limitations: only occasional pushing and pulling; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps or stairs, balancing, stooping, kneeling, crouching, and crawling; must avoid even moderate exposure to extreme cold, extreme heat, and humidity; must avoid even moderate exposure to environmental irritants such as fumes, odors, dusts, and gases; must avoid even moderate use of hazardous, moving machinery; must avoid all exposure to unprotected heights; is limited to simple, routine, repetitive tasks performed in a work environment free of fast-paced production requirements, involving only simple, work-related decisions and routine workplace changes; and is limited to only occasional and superficial interaction with the public and co-workers. (Tr. 16).

At Step Four, the ALJ determined that Scroggins is unable to perform any of her past relevant work. (Tr. 28). At Step Five, the ALJ concluded, based in part on the VE's testimony, that Scroggins is capable of performing a significant number of jobs that exist in the

---

[1] The RFC is an "assessment of [the claimant's] remaining capacity for work despite [her] limitations." 20 C.F.R. § 416.945(a)(1).

national economy. (Tr. 29). As a result, he found that Scroggins is not disabled under the Act. (Tr. 30).

**STANDARD OF REVIEW**

The Court reviews objections to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo*. *See* 28 U.S.C. §636(b)(1)(c).

Judicial review of a decision by a Social Security ALJ is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *McLean v. Comm'r of Soc. Sec.*, 360 F. Supp. 2d 864, 869 (E.D. Mich. 2005) (quoting *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984)). However, so long as the ALJ's conclusion is supported by substantial evidence, a court must "defer to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion."

*Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

## ANALYSIS

Plaintiff asserts that the ALJ's RFC assessment is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ failed to:

- Address the medical opinion of Dr. Samiullah Sayyid, M.D., the State agency medical consultative examiner;
- Address the opinion that Plaintiff was prescribed a cane;
- Address the fact that Plaintiff receives Michigan disability benefits;
- Accord the proper weight to the opinion of Dr. Orlando Filos, M.D., Plaintiff's treating pulmonologist; and
- Accord the proper weight to the joint opinion of Henry Tidwell and Dr. Michael Gotlib, her therapist and psychiatrist, respectively.

The gist of Plaintiff's claims is that neither the Magistrate Judge nor the ALJ properly reviewed the record and failed to fully address the issues. Most of Plaintiff's arguments raised in the Objection to the R&R are virtually the same as those raised in her Motion for Summary Judgment. "The Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations." *Owens v. Comm'r of Soc. Sec.*, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (emphasis in original). The Court will briefly address the merits of each of Plaintiff's assertions.

## I. The ALJ properly addressed Dr. Sayyid's medical opinion.

Plaintiff claims that the R&R excuses the ALJ's failure to address the medical opinion of Dr. Sayyid. However, as the Magistrate Judge pointed out, the ALJ did not ignore Dr. Sayyid's opinion; indeed, he explicitly considered many of Dr. Sayyid's examination findings. (Tr. 22). In addition,

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts.

*Local Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (internal quotations omitted).

The ALJ reviewed many of Dr. Sayyid's findings and determined that not only was his opinion extremely vague, it was contradicted by numerous medical records. (Tr. 20, 23, 24).

The Magistrate Judge's assessment of the ALJ's decision was correct and Plaintiff has not provided any basis for remand.

## II. The Magistrate Judge correctly found that Plaintiff has not established the need for a cane.

Plaintiff next argues that the Magistrate Judge excused "the ALJ's failure to properly address" her use of a cane. (Obj. at 2). It is Plaintiff, however, who does not seem to understand that there is no medical opinion in the record to support the assertion that she needs a cane. Social Security Ruling 96-9p provides:

> To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information).

SSR 96-9P, 1996 WL 374185, at *7 (July 2, 1996).

The Magistrate Judge correctly noted that Plaintiff does not point to specific evidence in the record that establishes the need for a cane, nor is there medical documentation that describes the circumstances for which Plaintiff allegedly requires a cane.

It is also worth noting that the only document on which Plaintiff relies in support of her argument is a form from H-Care, a medical equipment company, indicating that Plaintiff received a cane on January 7, 2015. (Tr. 776). However, this does not constitute an "acceptable medical source." Plaintiff's Motion for Summary Judgment and Objection to the R&R lack a citation to any medical documentation or opinion establishing the need for a cane.

### III. The ALJ considered the fact that Plaintiff receives disability benefits from the State of Michigan.

In both her Motion and Objection, Plaintiff seems to rely on the fact that the ALJ's denial of benefits was error because she has received disability benefits from the State of Michigan since August 2013. However,

> Other governmental agencies and nongovernmental entities . . . make disability, blindness, employability, Medicaid, workers' compensation, and other benefits decisions for their own programs using their own rules.

> Because a decision by any other governmental agency or a nongovernmental entity about whether you are disabled, blind, employable, or entitled to any benefits is based on its rules, it is not binding on us and is not our decision about whether you are disabled or blind under our rules.

20 C.F.R. § 404.1504.

Although Plaintiff is correct that the ALJ cannot ignore state disability decisions, the record shows that the ALJ did in fact take this into consideration. As the Magistrate Judge noted, the ALJ inquired about Plaintiff's state disability benefits during the March 2015 hearing. (Tr. 57). And again, "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." *Kornecky v. Comm'r of Social Security*, 167 Fed. Appx. 496, 508 (6th Cir. 2006).

**IV. The ALJ properly addressed the opinion of Dr. Filos, Plaintiff's treating pulmonologist.**

Plaintiff next contends that the Magistrate Judge excused the ALJ's failure to properly weigh the opinion of her treating pulmonologist, Dr. Orlando Filos. She faults the R&R for failing "to recognize that the ALJ is not taking the record as a whole, but rather picking out certain entries in the medical records, but ignoring others that support the doctor's opinion." (Obj. at 3).

Generally, the ALJ must accord great weight to the findings of the claimant's treating doctor. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). This is not the case, however, if a treating source's opinions "are

unsupported by the medical data in the record, or are inconsistent with other substantial evidence in the record." *Pitts v. Astrue*, 2011 WL 2553340, at *8 (N.D. Ohio May 19, 2011) (citing *Miller v. Sec'y of Health & Human Servs.*, 1991 WL 229979, at *2 (6th Cir. Nov. 7, 1991)). If the ALJ does not give controlling weight to the treating source's opinion, she must explain how much weight she gives it by considering several factors, including "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source." *Wilson*, 378 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2)[2]). The ALJ must also "give good reasons . . . for the weight [given to the claimant's] treating sources opinions." 20 C.F.R. § 404.1527(c)(2). The ALJ is required to do this '"to let claimants understand the disposition of their cases,' particularly in situations where a claimant knows that his physician has deemed him disabled and therefore 'might be especially bewildered when told by an administrative bureaucracy that she is not, unless some reason for the agency's decision is supplied.'" *Wilson*, 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Ultimately, however, the ALJ retains the power to decide whether the claimant is disabled. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992).

---

[2] The regulation is now listed as 20 C.F.R. 404.1527(c)(2).

This is a case in which the ALJ justifiably accorded little weight to the opinion of Dr. Filos and explained why he did so. The ALJ closely examined Dr. Filos's opinions and findings (Tr. 21-27) and found that they were inconsistent with both his own treatment notes and other record medical evidence. For example, in August 2013 and March 2014, Dr. Filos opined that Plaintiff "was unable to perform any work on a regular and sustained basis" and that she "was unable to work at her usual occupation or any job." (Tr. 26). In August 2013, however, Dr. Filos indicated that since Plaintiff's last evaluation, "her pulmonary status has significantly improved . . . She has noticed significant improvement in her shortness of breath and chest tightness." *Id.* He also concluded that Plaintiff "has presented significant improvement in her respiratory status and episodes of bronchospasm since using her Dulcera on a regular basis . . . she has actually improved when compared to her baseline from 2012." (Tr. 520). Overall, Dr. Filos found that Plaintiff "has presented improvement symptomatically and marked improvement in her spirometry." *Id.*

Because Dr. Filos's opinion is not well-supported and is inconsistent with the medical record as a whole, the ALJ did not err in giving it little weight. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) ("Treating physicians' opinions are only given [controlling weight] when supported by objective medical evidence.").

## V. The ALJ properly addressed the opinions of Mr. Tidwell, the social worker, and Dr. Gotlib, the psychiatrist.

Plaintiff asserts that the R&R "did not properly analyze the ALJ's weighing of the psychiatric evidence." (Obj. at 3).

There is no basis for this argument; the ALJ evaluated the findings and opinions of Mr. Tidwell and Dr. Gotlib and found that they were owed little weight because they were inconsistent with the record evidence. Although Mr. Tidwell and Dr. Gotlib indicated that Plaintiff was seriously limited and had "no useful ability to function in the areas of dealing with work stresses and maintaining attention and concentration," the medical records show that Plaintiff was "stable [with] the meds" and was calm and presented appropriately at several mental status examinations. (Tr. 27). The ALJ's denial conforms with the Social Security Regulations and the case law, which make clear that the opinion of "other sources" – neither a treating source nor an acceptable medical source – is not presumptively entitled to controlling weight. *Schalk v. Comm'r of Social Security*, 2016 WL 8115403, at *5 (E.D. Mich. Aug. 9, 2016), *report and recommendation adopted by* 2016 WL 6090825 (E.D. Mich. Oct. 19, 2016).

## VI. The Magistrate Judge and ALJ considered the side effects of Plaintiff's medications.

Plaintiff argues that the ALJ did not consider the side effects of her medications and that the R&R did not address this issue. Plaintiff is incorrect: the

Magistrate Judge highlighted the fact that the ALJ "expressly noted her statements 'that her medications make her dizzy, tired, and sleepy . . . and cause memory problems." See R&R at 17 n.7 (citing Tr. 17, 18). In addition, the ALJ found Plaintiff's testimony less than credible, a finding that is entitled to great deference. *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) ("[A]n administrative law judge's credibility findings are virtually unchallengeable.").

### VII. The ALJ's opinion is supported by the record medical evidence and remand is not warranted.

Plaintiff claims that there is no medical opinion in the record that Plaintiff can perform light work. The Sixth Circuit previously addressed this exact issue in a case in which the claimant argued that the ALJ's RFC was not supported by substantial evidence because no doctor opined that the claimant could perform light work. *See Rudd v. Comm'r of Soc. Sec.*, 531 Fed. Appx. 719, 728 (6th Cir. 2013). The Sixth Circuit rejected this argument, explaining:

> [T]he ALJ is charged with the responsibility of determining the RFC based on her evaluation of the medical and non-medical evidence . . . the Commissioner has final responsibility for deciding an individual's RFC . . . and to require the ALJ to base her RFC finding on a physician's opinion, "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."

*Id.* (quoting SSR 96-5P, 1996 WL 374183 (July 2, 1996)).

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Report and Recommendation [18] is **ADOPTED** and entered as the findings and conclusions of the Court. Plaintiff's Objection to the Report and Recommendation [19] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [14] is **GRANTED**. Plaintiff's Motion for Summary Judgment [12] is **DENIED**.

**SO ORDERED**.

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: September 25, 2017      Senior United States District Judge